Filed 10/25/24  P. v. Jones CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JEFFREY DUPREE JONES,<br><br>Defendant and Appellant. | C099937<br><br>(Super. Ct. Nos. STKCRFE20040010405 & SF094122A) |

Defendant Jeffrey Dupree Jones appeals following resentencing after the trial court dismissed a prior strike and a prior serious felony enhancement.  He claims we must direct the trial court to correct his actual custody credits.  The People properly concede the error.  We remand for the trial court to calculate defendant's actual custody credits but otherwise affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant shot a man outside of a bar, striking his spine and leaving him paralyzed.  (*People v. Jones* (Dec. 31, 2008, C054903) [nonpub. opn.] (*Jones*).)  He attempted to shoot two other men but when he pulled the trigger, the gun did not fire.

1

(*Ibid.*)  Defendant was arrested on December 2, 2004.  A jury found defendant guilty of two counts of attempted murder and one count of felon in possession of a firearm.  (*Jones*, *supra*, C054903.)

On January 16, 2007, the trial court sentenced defendant.  The court awarded defendant 776 days of actual custody credits.

In February 2007, the trial court modified defendant's sentence.  The abstract of judgment filed on February 15, 2007, reflects credit for a total of 892 days (776 actual days and 116 conduct credits).  In 2008, defendant appealed, and we affirmed the judgment.  (*Jone*s, *supra*, C054903.)

In May 2019, the Department of Corrections and Rehabilitation (CDCR) sent a letter to the trial court stating the abstract of judgment may be wrong.  A week later, the trial court resentenced defendant.  The trial court did not recalculate defendant's custody credits.

In 2022, the trial court issued an ex parte order for resentencing.  After a hearing on November 13, 2023, the trial court dismissed a prior strike and a prior serious felony enhancement and resentenced defendant.  The trial court did not recalculate defendant's custody credits.

In March 2024, defense counsel sent a letter to the trial court asking it to issue a corrected abstract of judgment reflecting defendant's accurate custody credits.  The trial court recalculated defendant's custody credits.  It took the 776 days of actual credits and 116 custody credits reflected on the abstract of judgment, and calculated an additional 6,116 days from the original sentencing date to the November 13, 2023, resentencing date, for a total of 7,008 days.

## DISCUSSION

Defendant correctly contends this matter must be remanded to calculate defendant's actual custody credits and issue an amended abstract of judgment reflecting the accurate number of days defendant served prior to the 2023 resentencing hearing.

2

Pursuant to Penal Code section 2900.1, "when a sentence is modified while in progress, the 'time' already served 'shall be credited upon any subsequent sentence [the defendant] may receive upon a new commitment for the same criminal act or acts.' " (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37.)  This requires the trial court to update the actual custody credits on the amended abstract of judgment to reflect "all actual days" spent in custody "whether in jail or prison" up until the resentencing.  (*Ibid*.; italics omitted.)

## DISPOSITION

The matter is remanded for the trial court to calculate defendant's actual custody credits.  The trial court shall prepare an amended abstract of judgment and forward a certified copy to CDCR.  The judgment is otherwise affirmed.

/s/
MESIWALA, J.

We concur:

/s/
ROBIE, Acting P. J.

/s/
WISEMAN, J.[*]

---

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3